# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DOROTHY J. GUTIERREZ,

    Plaintiff,

vs.                                                                        Civ. No. 98-16 BB\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse, or in the Alternative, to Remand for a Rehearing, filed on February 10, 1999. The Commissioner denied Plaintiff's request for supplemental security income and widow's benefits. Plaintiff alleges a disability due to neck and back pain.

    2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id.* (citation omitted).

    4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1.) the ALJ's determination that her back problems were not equivalent to one of the listed impairments that the Secretary acknowledges is so severe as to preclude substantial gainful activity was not supported by substantial evidence, 2.) the ALJ's determination that she exaggerated her pain was not supported by substantial evidence, and 3.) her treating physician's failure to release her to return to work precluded the ALJ's determination that she had residual functional capacity to return to her former employment as a bookkeeper.

    5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id.* at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. *Id*. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. *Id*. (citations omitted). The third and fifth steps are at issue in this case. The Plaintiff contends that the ALJ should have found her disabled at step three, instead of reaching no conclusion. She also contends that the ALJ should have found her disabled at step four, instead of finding her not disabled at that step.

    6. Plaintiff contends that she meets listing 1.05(c), which provides that a person is presumed disabled if they have a vertobrogenic disorder (herniated disc) and, 12 months of
1. Pain, muscle spasm and significant limitation of motion in the spine; and
2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory

2

and reflex loss.

If a plaintiff can establish only some of the required criteria, she is not disabled. *Sullivan v Zebley*, 493 U.S. 521, 530 (1990). Defendant contends that there is no evidence in the record that Plaintiff suffered from reflex and sensory loss. In reply, the Plaintiff does not cite to any evidence which contradicts Defendant's contention. Rather, she implies that her disability results from a "multiplicity of factors" which meet or equal the listing of impairments, and argues that "Defendant totally ignores that Plaintiff's impairments 'equal' the listing of impairments." Reply at 3. Plaintiff never explains how her impairments equal the listing of impairments. The lack of evidence in the record to establish the reflex and sensory loss elements of listing 1.05(c) means that the ALJ's determination that Plaintiff's impairments did not meet or equal this listing is supported by substantial evidence.

7. The Plaintiff further contends that the ALJ erred in his analysis of the credibility of her allegations of disabling pain. The framework for the proper analysis of a claimant's allegation of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987): (1) whether claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, claimant's pain is in fact disabling. *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). The Plaintiff points out that on October 25, 1993 her treating physician reported that her "history and clinical findings are consistent and do give evidence to support her complaints." Thus the Plaintiff can establish the first two elements of the *Thompson* analysis.

The problem is the third prong of the analysis. When Plaintiff's testified before the ALJ,

her complaints of pain were well beyond what she had told her treating physician. For example, while she testified that her right leg goes out from under her and that she has difficulty sleeping because of her back pain, her statements to her treating physician were that her back pain decreased when she lies down, and that she can walk for several hours in the mall, although she has some difficulty walking. Accordingly, while the Plaintiff's complaints to her treating physician were supported by medical evidence, substantial evidence supported the ALJ's refusal to credit her testimony at the hearing, since she testified to suffering pain more severe than that which she described to her treating physician.

8. Plaintiff finally contends that the ALJ's determination that she had the residual functional capacity to return to her previous employment as a bookkeeper was not supported by substantial evidence because her treating physician has never released her to return to work. It is true that on 9-9-88 her treating physician's note contains an entry of "no work", followed on 10-7-88 by the entry "she may begin the vocational rehabilitative process for ultimate sedentary work," and on 12-6-88 and 2-10-89 by entries of "work hardening", and "will start work hardening." Plaintiff started the work hardening therapy in late February and was terminated from the program in July of 1989. She was discharged from her treating physician's care on 12-22-89, without ever being released to return to work. Tr. 130-36. Plaintiff contends that these entries constitute substantial evidence that she was disabled throughout the time period of the entries. Defendant argues that "will start work hardening" meant that Plaintiff is no longer disabled.

Plaintiff's contention is well-taken, but there is a further issue which she does not address. While this Circuit has previously held that a claimant should still be considered disabled while undergoing work hardening therapy, *See Pacheco v Sullivan,* 931 F.2d 695, 697-98 (10th Cir.

4

1991), in the present case, the Plaintiff delayed starting the therapy from October 7, 1988 until late February, 1989. In addition, after she made good progress initially, her attendance began to drop off and eventually stopped completely in June, 1989. Tr. 115-121. Plaintiff gave no explanation for delaying starting or prematurely abandoning the program. In light of this, the Court is unwilling to accept the treating physician's failure to release the Plaintiff to work as conclusive evidence of disability. *Cf. Sampson v. Apfel*, 165 F.3d 616, 619 (8th Cir. 1999). (Treating physician's opinion on disability need not be adopted if outweighed by other evidence, including, *inter alia*, that claimant was unwilling to continue with physical therapy despite ability to complete therapy without many complaints.) Moreover, her treating physician's note of August 8, 1989, which states that she has reached maximum medical improvement, and that she has a permanent 20 lb. lifting restriction with no frequent bending, lifting or twisting involved with the job, constitutes substantial evidence that her treating physician felt she was capable of returning to light to sedentary work. As this note was written 11 months from the initial note forbidding her to work, substantial evidence supports the ALJ's determination that she was not disabled for a full year, and that she had the residual functional capacity to return to work as a bookkeeper.

## Recommended Disposition

Since I propose finding that none Plaintiff's three points on her appeal are well-taken, I recommend denying her Motion to Reverse or Remand. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any

5

objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                Leslie C. Smith
                                                United States Magistrate Judge